Minnie M. Fay Trust "A", Virgil C. Brink and Allen M. Fay, Trustees, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Minnie M. Fay Trust "C", Virgil C. Brink and Allen M. Fay, Trustees, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Minnie M. Fay Trust "S", Virgil C. Brink and Allen M. Fay, Trustees, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 98900–98902, 99522–99524.   Promulgated September 27, 1940.

*George H. B. Green, Esq.*, and *S. S. Dennis, 3d, Esq.*, for the petitioners.

*Davis Haskin, Esq.*, for the respondent.

## OPINION.

LEECH: The principal issue in these proceedings is whether the basis for computing gain or loss upon the securities sold by petitioners as trustees in the taxable years is the cost of such securities to the grantor or the value of such securities at the time of the grantor's death.

Section 113 (a) (3) of the Revenue Acts of 1934 and 1936 provides that if the property was acquired by an *inter vivos* transfer in trust after December 31, 1920, the basis shall be the same as it would be in the hands of the grantor. Section 113 (a) (5) of the same acts contains an exception to this rule, as follows:

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\*   \*   \*   \*   \*   \*   \*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest. devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death. \* \* \*

It is not disputed that under these sections the grantor's basis is to be used even though the transfer in trust is in contemplation of death or to take effect at or after death, and indeed that has been so held. *Wurlitzer* v. *Helvering*, 81 Fed. (2d) 928; *Russell* v. *Bowers*, 27 Fed. Supp. 13. Both parties seem to agree, moreover, that the grantor would be taxable under section 166 of the Revenue Acts of 1934 and 1936 upon the income of the trusts, if that issue were now before us, because the power of revocation could be exercised by non-

adverse interests, namely, a majority of the three trustees, only one of which had a substantial adverse interest. We also assume without deciding that the grantor during his lifetime might have been taxed under section 22 (a). *Helvering* v. *Clifford*, 309 U. S. 331. It may also be stated that the corpora of the three trusts would be includable in the grantor's gross estate on account of his retention of a possibility of reverter. *Helvering* v. *Hallock*, 309 U. S. 106.

None of the above mentioned income and estate tax principles contradict the juristic transfer of title from the grantor to the trustees. See *Otto Peterson*, 42 B. T. A. 102. For the purposes of this case, they are not pertinent, since we are not concerned with the tax liability of the grantor or his testamentary estate, but only with the basis to be used by the *inter vivos* trustees on a sale of capital assets, a transaction which gave rise to liabilities unconnected with the liabilities of the grantor or his estate.

The litigated question revolves solely about the second sentence of section 113 (a) (5), *supra*. Petitioners say the statute must be construed literally and that, since there was no power of revocation reserved to the grantor of the trusts, the grantor's basis must be used. Respondent argues that Congress did not use the words of the statute in any narrow, restricted meaning, that the statute refers to instances wherein real control over the corpus is possessed by the grantor, and that there was no necessity to provide in section 113 (a) (5) that a trust revocable by nonadverse interests was included in the classification of revocable trusts because it has always been considered that trusts so revocable effected no real transfer for tax purposes. See sections 166 and 167 of the Revenue Acts of 1934 and 1936 and section 302 of the Revenue Act of 1926.

So far as we have been able to discover, the instant question has not been decided, nor is there any aid to the construction of the statute to be found in its legislative history. Even if such extrinsic evidence existed, there is no occasion for its use, for there is no ambiguity in section 113 (a) (5). The intent of Congress, which is controlling upon us, is unequivocally expressed therein. The section plainly states that the fair market value of the property on the date of the grantor's death is to be used as the basis only where the right to revoke is reserved *to the grantor*. In all other instances in the revenue acts where the vesting of a power to revoke in a person other than the grantor is to have tax consequences there is a careful and explicit statement to that effect. See sections 166 and 167 of the 1934 Act and section 302 of the 1926 Act. The absence of such a qualification here in section 113 (a) (5) contradicts, or, at least, fails to reveal any intent by Congress to cover transactions of the type at bar. As we held in

*Cox Motor Sales Co.*, 42 B. T. A. 192, "symmetry of the statute [Revenue Act of 1936] is not to be presumed."

The Board, moreover, may not add to the language of the revenue acts (*Bennet B. Bristol*, 42 B. T. A. 263). *Preston R. Bassett*, 33 B. T. A. 182; affd., 90 Fed. (2d) 1004; *Mary A. Cushing*, 38 B. T. A. 948.

Finally, the language of section 113 (a) (5) is "with the right reserved to the grantor at all times prior to his death to revoke the trust." This is not only so carefully expressed as to be plainly differentiable from sections 166 and 167, but also the word "revoke" can not "suitably be applied to the act of termination by another." *Ralph Pulitzer*, 36 B. T. A. 964.

Inasmuch, then, as the right to revoke here is not reserved to the grantor, the basis to be used is the cost of the securities to the grantor under section 113 (a) (3).

In view of the above conclusion, the second issue is quickly resolved. The holding period for each security disposed of begins with the date of the grantor's acquisition thereof and ends with the date of sale. Revenue Acts of 1934 and 1936, sec. 117 (c) (2).

Reviewed by the Board.

*Decisions will be entered for the petitioners.*